UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN THE MATTER OF THE APPLICATION : | |
| OF THE UNITED STATES OF AMERICA : | Mag. No. |
| FOR AN ORDER TO DISCLOSE THE : | |
| LOCATION DATA FOR SPRINT CELL : | |
| PHONE NUMBER (202) 200-3296, : | <u>UNDER SEAL</u> |
| ESN:  270113179913753111 : | |

## APPLICATION FOR AN ORDER TO
## DISCLOSE CELLULAR TELEPHONE LOCATION DATA

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, pursuant to Rule 41 of the Federal Rules of Criminal Procedure, 18 U.S.C. § 2703(c)(1)(A), and former Chief Judge Hogan's Memorandum Opinion in <u>In the Matter of the Application of the United States of America for and Order Authorizing the Monitoring of Geolocation and Cell Site Data for a Sprint Spectrum Cell Phone</u>, 2006 WL 6217584 at *4 (D.D.C. 2006) (Hogan, C.J.) ("Hogan Opinion"), respectfully moves this Court for an Order directing Sprint (the "service provider"), for a period of 30 days, to provide agents of the Federal Bureau of Investigation ("FBI") with information to ascertain the physical location of the cellular telephone assigned telephone number (202) 202-3296, with Electronic Serial Number ("ESN") 270113179913753111(the "target telephone"), including but not limited to information generated by the E-911 tools of the service provider or the geolocation feature of the target telephone, or other precise location information indicating the specific latitude and longitude of the target

telephone (collectively, the "Requested Location Information"),[1] in an investigation of violations of 21 U.S.C. §§ 841 and 846 (the "Target Offenses").

The United States further requests that this Application, accompanying Affidavit, and the Court's Order be placed under seal until further order of the Court and that the service provider and its employees be directed not to disclose the existence of this order until directed to the contrary.

*Points and Authorities*

A. *Use of E-911 tools and/or Geolocation Feature*

In an effort generate location information more precise than "cell site" data to meet the needs of emergency responders attempting to locate a distressed wireless caller, in 2003, the Federal Communications Commission ("FCC") promulgated what is known as "E-911 Phase II" regulations.  *See* 47 C.F.R. § 20.18(h)(1)(i), (ii).  The E-911 Phase II regulations imposed stringent location precision requirements on wireless service providers; some opted to use Global Positioning System (GPS) technology in new customer handsets, while others opted for "multilateration" methods (often referred to informally as "triangulation") relying on signal measurements made from multiple towers (collectively, the "E-911 tools").  Unlike cell site information, which provides only the location of the physical network infrastructure (cell tower) in the vicinity of the phone (*see infra* Part B), E-911 Phase II information indicates the location

---

[1] Such information shall, where other information is unavailable, include records reflecting the tower and antenna face ("cell site") used by the target phone at the start and end of any call.  In requesting cell site information, the Government does not concede that such cell site records – routinely retained by wireless carriers as business records – may be obtained only via a warrant issued on probable cause.  *See In re Application*, 460 F. Supp. 2d 448 (S.D.N.Y. 2006) (authorizing prospective acquisition of cell-site records under combined authority of 18 U.S.C. §§ 2703(d) & 3121 et seq.).

of the phone itself. Depending on the type of technology selected, the FCC regulations generally require E-911 location information to be precise within 50 - 300 meters. E-911 Phase II information may at times exceed the FCC requirements and provide location information precise to under 50 meters. *See, e.g.*, *United States v. Ortega-Estrada*, 2008 WL 4716949 at *13 (N.D. Ga. Oct. 22, 2008) (phone GPS data accurate to 32 meters); *United States v. Louisuis*, 2006 WL 2193820 at *6 (M.D. Fla. 2006) (phone GPS data accurate to 40 meters). As noted in the Hogan Opinion, such geolocation information may also be provided when the government makes a specific request to the service provider at a particular time. Hogan Opinion at *2.

B. *Cell Site Data*

The target telephone also generates cell site data when in use. This information, while not providing the precise location of the telephone in the manner of the geolocation feature, is of significant investigative use. The United States believes that cell site data which discloses only which cell tower is being used by a cell telephone may be obtained pursuant to an order under 18 U.S.C. § 3121 *et seq.* and 18 U.S.C.§ 2703. *See In Re Application of the United States*, 405 F. Supp. 2d 435, 449 (S.D.N.Y 2005); *In the Matter of the Application of the United States for an Order*, 411 F. Supp. 2d 678, 682 (W.D. La. 2006). *But see In the Matter of the Application of the United States for an Order Authorizing the Installation and Use of a Pen Register Device, Trap and Trace Device, and for Geographic Location Information*, 497 F. Supp. 2d 301, 303-12 (D. Puerto Rico 2007) (denying without prejudice government applications for limited geographic and cell site information upon a showing of less than probable cause; collecting authority for and against proposition that probable cause showing pursuant Fed. R. Crim. P. 41 is required for such information). That issue is not raised by this application since the attached

affidavit establishes probable cause that the information sought by this application will constitute or lead to evidence of the Target Offenses.

In the Hogan Opinion, the Court held that "the location of a cell phone, and thus the suspect's location, may qualify as 'evidence of a crime.'" Id. at 4 n.6.  With respect to narcotics cases in particular, "the location of a suspect known to be purchasing narcotics, or of one known to be guarding and selling a large quantity of narcotics, is likely to reveal the location of the drug stash house."  Id.  As discussed more fully in the accompanying affidavit, which is incorporated herein by reference, the Requested Location Information – cell site and geolocation data from the target telephone – will provide evidence of activity of crime, specifically, conspiracy to distribute and possess with the intent to distribute narcotics, in violation of 21 U.S.C. §§ 841 and 846.  Such evidence includes the location and identity of the suspect; the location and identity of co-conspirators; and the location of stash houses for drugs and drug trafficking proceeds.

C.  *Implementation by the Service Provider*

Since this order will be implemented by the service provider, the government requests that the 30-day period of authorization run from the time the service provider begins to implement the order.  The government further requests that the service provider be authorized to implement the order whenever it is practical for the provider, day or night.

D.  *Changed Telephone Number or ESN or IMSI Number*

The government further requests that the Court's Order apply not only to the target telephone number but also to any changed cellular telephone number subsequently assigned to the target telephone and to any changed ESN or IMSI number assigned the same telephone number within the period of the Order.

E.  *Filing Under Seal*

We ask that this Application, accompanying Affidavit, and the Court's Order be placed under seal inasmuch as this request is part of an ongoing covert investigation, disclosure would not only render this request moot, it would also endanger the other ongoing aspects of this investigation.  Disclosure of this Application to the party who is using the target telephone would alert the user of the target telephone and the other subjects of the investigation to the existence, extent of, and law enforcement methods used in, the investigation.  Such disclosure would undoubtedly frustrate the investigation, cause the subjects to flee and/or destroy evidence, and could endanger the safety of law enforcement agents and cooperating witnesses.  Accordingly, these facts present an extraordinary situation and a compelling governmental interest which justify sealing of this Application, the accompanying Affidavit and Order.

**WHEREFORE,** we request that this Court direct Sprint to provide agents of the FBI with the Requested Location Information for a period of 30 days from the date of implementation of the order by the service provider.

Date: October 25, 2011

Respectfully submitted,

RONALD C. MACHEN JR.
United States Attorney
District of Columbia

By: _____

Arvind K. Lal, D.C. Bar No. 389496
Assistant United States Attorney
555 Fourth Street NW, Room 4217
Washington, D.C. 20530
(202) 252-7688
Arvind.Lal@usdoj.gov